Mr. and Mrs George Redmon

*v.*

U-Haul Company.

358 S.W.2d 300.

(*Knoxville,* September Term, 1961.)

(May Session, 1962.)

Opinion filed June 5, 1962.

F. Graham Bartlett, Knoxville, for plaintiffs in error.

Fred H. Cagle, Jr., Knoxville, Frantz, McConnell & Seymour, Knoxville, of counsel, for defendant in error.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

This suit was filed on June 7, 1961, and was later heard on demurrer, which was sustained by the trial court and the suit dismissed, and this appeal resulted.

The basis for the suit is that the plaintiffs below contend that there was an implied warranty of fitness when they rented a moving van to move their household goods, and that said moving van leaked because of heavy rain, damaging their household goods and clothing.

The plaintiffs allege that on or about September 27, 1960, they possessed various items of household furnishings and wearing apparel, and in order to move them to Knoxville, from Albany, Georgia, they entered into a rental contract with the defendant to rent a moving van for the purpose of transporting these goods to Knoxville.

After loading their possessions, they drove the moving van to Knoxville, and during their trip they were in a very heavy rain. Upon reaching Knoxville they found several inches of water in the bed of the moving van which had damaged practically all their household goods and a great deal of wearing apparel. The list of the items dam-

aged amounted to $1,837.80. This was immediately reported to the representative of the defendant.

It is the contention of the plaintiffs that they were furnished a defective moving van in that it leaked badly.

The rental part of the written contract between the parties contains the following provision:

"6. Lessee agrees to assume liability for any and all damage to personal property transported in said truck, including damage caused by fire, water, theft or collision."

So the question is whether, notwithstanding the written contract, there is an implied warranty that the van was waterproof.

It seems to us in this case the plaintiffs drove the car from Albany, Georgia, to Knoxville, and the van was under the complete control of the plaintiffs all along the road.

It seems to us if the rain threatened and the van leaked that the plaintiffs should have stopped the car and sought shelter until the rain had stopped.

In 46 Am.Jr., Sales, Section 333, it is said:

"Sec. 333. Effect of Writing; Agreement Inconsistent with Implied Warranty; Express or Implied Disclaimer of Warranty.—The fact that a contract of sale is in writing does not necessarily exclude warranties implied by law. This fact does not preclude the implication of a warrant not inconsistent therewith. Whether in the case of a written contract of sale there is an implied warranty of quality or fitness should be decided in the light of the circumstances attending the transaction. A warranty is not, however, implied in

conflict with the express terms of an agreement of sale, whether written or oral * * *.''

There is no provision in this rental contract that in any way states or implies that the lessor warrants its moving vans to be waterproof. The only mention of water in the rental contract is in paragraph six above quoted, and we cannot see how this provision can be interpreted to exclude rain damage.

The plaintiffs do not allege in their declaration that they inquired as to whether this vehicle was waterproof.

There is no contention in this case that this moving van was unfit to transport personal property. Whether the moving van would leak in a heavy rain would merely diminish its convenience and appropriateness for the use designed, and whatever implied warranty might exist in this situation would not extend to the described defects.

In 6 Am.Jur., Bailments, Section 191, page 307, it is said:

''Sec. 191.—Where Bailment Is of Specified Chattel, or Opportunity is Given to Inspect.—In case of a lease or bailment of a known or designated chattel which the bailee has seen or has had the opportunity of inspecting, the law does not imply a warranty of reasonable fitness or capability of the chattel, at least if there is no reference in the contract to the specific use to which it is to be put. The rule is founded on the principle that where one hires a specific and ascertained thing, with its own individual identity, he should be compelled to take it as it is, if he foregoes protection obtainable by means of an express warranty; a contrary doctrine would put a premium on carelessness and tend to promote fraud, and would permit a person to hire a par-

ticular thing at a price so low as to invite suspicion, without either examining or inquiring into its condition or capacity, and yet be given by law, by the way of an implied warranty, all the advantage that a careful and prudent man would get from an alert protection of his interests.''

In this case the plaintiffs took possession of the vehicle, loaded their personal property into it themselves, and they drove the vehicle during the heavy rain. They certainly had an opportunity to inspect the vehicle both before and during the trip. After they were in the very heavy rain, they had an opportunity to inspect the vehicle for possible leaks which the defendant did not have. If the plaintiffs wanted to rely on the vehicle being waterproof, they could have demanded an express warranty in this regard, but by failing to do so, they have foregone the protection it would have given them.

The law does not require all lessors of enclosed vehicles to warrant that they are waterproof. This is a matter to be negotiated and considered by the parties to the contract, and any agreement which they make is between themselves and does not affect public policy.

We are of the opinion, under the circumstances in this case, that there was no implied warranty that this vehicle was waterproof.

It results that we find no error in the judgment of the court below and it is affirmed.

BURNETT, FELTS, WHITE, and DYER, JUSTICES, concur.